UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYAD MOKARAM, et al. | No. 2:24-cv-2613-DJC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| SABIRA HOFYANI, et al., | |
| Defendants. | |

Plaintiffs, Sayed Mokaram and Farokh Sadat, proceed pro se with claims for invasion of privacy, negligence, and intentional infliction of emotional distress, among other claims. (See ECF No. 1, Complaint.) All defendants, Sabira Hofyani, Sayed Rahmatullah Hofyani, Zakia Hofyani, Maryalla Dashti, and S. Mahmood Zia Dashti, also proceed pro se. (See ECF Nos. 4-7.) This matter is before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On sua sponte review, the court finds the complaint must be dismissed because it fails to establish the court's subject matter jurisdiction. Plaintiffs will have an opportunity to correct the jurisdictional defects in the complaint to the extent they can do so.

**I.     Background**

Plaintiffs, Sayed Mokaram and Farokh Sadat, initiated this action on September 27, 2024, with a complaint for damages for invasion of privacy, negligence, aiding and abetting, conspiracy

1  to commit murder, intentional infliction of emotional distress, and harassment. (ECF No. 1 at 1.)
2  The complaint alleges this court has subject matter jurisdiction over this case "pursuant to 28
3  U.S.C. § 1331, as the claims presented involve questions of federal law." (Id. at 3.)

4  **II.    Discussion**

5  Courts are required sua sponte to examine jurisdictional issues. Molski v. Arby's
6  Huntington Beach, 359 F. Supp. 2d 938, 943 (C.D. Cal. 2005) (citing B.C. v. Plumas Unified
7  School District, 192 F.3d 1260, 1264 (9th Cir. 1999).) Federal courts are courts of limited
8  jurisdiction. Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994).
9  The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the
10 party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006)
11 (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks subject-
12 matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Franklin v.
13 State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court "may dismiss an
14 action sua sponte for lack of jurisdiction").

15 A review of the complaint shows the court lacks jurisdiction over the dispute. Contrary to
16 the complaint's conclusory jurisdictional allegation, the claims presented neither arise under
17 federal law nor involve questions of federal law. Under the "well-pleaded complaint rule," a suit
18 arises under federal law only when the plaintiff's statement of his own cause of action shows that
19 it is based upon federal law. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009). A complaint
20 purporting to rest on state law can be recharacterized as one "arising under" federal law if the law
21 governing the complaint is exclusively federal. Id. at 61-62 (quoting Beneficial Nat. Bank v.
22 Anderson, 539 U.S. 1, 8 (2003)).

23 The only reference to federal law in any of plaintiffs' claims appears in count one for
24 "invasion of privacy." Plaintiffs bring this claim against individual defendants who are not
25 alleged to have taken any actions under color of law. Plaintiffs allege their "right to privacy is a
26 recognized legal right, protected under both federal and state laws, which includes an individual's
27 right to keep their personal information private and protected from unauthorized use or
28 disclosure." (ECF No. 1 at 6.) This allegation does not suffice to show plaintiffs' cause of action

against the defendants for "invasion of privacy" is based upon federal law or arises under federal law. Plaintiffs do not cite any federal statute under which they allege their personal information was protected. Plaintiffs also do not allege any federal statute that creates a private cause of action for them to bring a civil claim against defendants for "invasion of privacy." The mere allegation that the right to privacy is protected under federal law fails to establish the court's subject matter jurisdiction. See Vaden, 556 U.S. at 60.

The other claims set forth in plaintiffs' complaint, for negligence, aiding and abetting, conspiracy to commit murder, intentional infliction of emotional distress, and harassment, are devoid of any allegations indicating a claim is based upon federal law or arises under federal law. Thus, the complaint does not plead a federal claim or a claim based on federal law.

Plaintiffs have not identified an independent grant of jurisdiction conferring access to this forum and have failed to meet their burden to establish the court's subject matter jurisdiction. See Kokkonen, 511 U.S. at 377; Vacek, 447 F.3d at 1250. Plaintiffs will be granted an opportunity to amend, but if they cannot establish the court's subject matter jurisdiction, then this action belongs in state court.

### III.   Conclusion and Order

The complaint must be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). In light of the dismissal of the complaint, the court will vacate the hearing set for December 4, 2024, and deny as moot the defendants' motions to dismiss.

The court will also deny plaintiffs' motion to compel disclosure of address information pertaining to defendants alleged to defendants Maryalla Dashti and S. Mahmood Zia Dashti, who are alleged to reside in Turkey.[1] (ECF No. 12.) Because plaintiffs' complaint must be dismissed for lack of subject matter jurisdiction, the court does not find early discovery to be warranted at this time. See Fed. R. Civ. P. 26(d).

////

////

---

[1] On November 7, 2024, some of the defendants opposed plaintiffs' motion to compel disclosure of address information, stating they do not know the requested address. (ECF No. 14.)

In accordance with the above, IT IS ORDERED as follows:

1. The hearing set to take place on December 4, 2024, is VACATED.

2. Plaintiffs' motion to compel disclosure of address information (ECF No. 12) is denied.

3. Plaintiffs' complaint (ECF No. 1) is DISMISSED with leave to amend for lack of subject matter jurisdiction; plaintiffs are granted 30 days to file an amended complaint setting forth subject matter jurisdiction, or, if they cannot do so, plaintiffs may file a notice of voluntary dismissal which will terminate this action by operation of law.

4. If plaintiffs file an amended complaint, defendants' responsive pleadings and/or motions are due within 30 days thereafter.

5. The motions to dismiss by defendants Sabira Hofyani, Sayed Rahmatullah Hofyani, Zakia Hofyani, and Maryalla Dashti (ECF Nos. 4, 5, 6, 7) are denied as moot.

Dated: November 12, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, moka24cv2613.jx